**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Edward L. Smith, | ) | C/A No.: 1:25-cv-13772-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| State of South Carolina; Lexington County | ) | |
| Detention Center; Wellpath Medical Staff; | ) | |
| and John Does, | ) | |
| | ) | |
| Defendants. | ) | |

Edward L. Smith ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action for violations of his constitutional rights by filing what he styled as a "Motion for a[n] Emergency Preliminary or Permanent Injunction." The Clerk of Court construed the filing liberally as both a complaint filed pursuant to 42 U.S.C. § 1983 and a motion for a preliminary injunction. (ECF No. 1 and 3). Subsequently, Plaintiff filed a handwritten complaint. (ECF Nos. 1 and 7). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a United States Magistrate Judge for initial review and the handling of pretrial proceedings. On December 15, 2025, the assigned magistrate judge issued an order directing Plaintiff to bring the case into proper form for evaluation and potential service of process. (ECF No. 9). In particular, the order instructed Plaintiff to complete one summons form which lists every defendant named in this matter, *id*. at 1–2, and to complete, sign and return a Form USM-285 for each Defendant listed in the case, *id*. at 2. Plaintiff was also admonished to keep the court informed of his current address and of the potential consequences for failing to do so, *id*. at 2–3. The order further warned that "[i]f Plaintiff does not bring this case into proper form within the

time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure." *Id*. at 1. The proper form order was sent to the Seminole, Florida address Plaintiff used when he filed the complaint and motion for preliminary injunction[1]; it was not returned marked undeliverable and, therefore, Plaintiff is presumed to have received the proper form order. (ECF No. 9). And, in fact, Plaintiff subsequently submitted a summons form and a number of USM-285 forms, which implies he did receive the order. Plaintiff used a different Lexington, S.C. return address which was also listed on the forms.[2] (ECF Nos. 12; 12-1).

Although Plaintiff submitted documents in response to the order at ECF No. 9, these documents identified additional Defendants not listed in his complaint. Accordingly, on January 22, 2026, the magistrate judge issued a second proper form order (ECF No. 14) directing Plaintiff to again complete and submit the above-noted forms in order to clarify who Plaintiff was attempting to sue. This second proper form order was sent to the Seminole, Florida address Plaintiff used when he filed the complaint; it was not returned marked undeliverable. Plaintiff did not submit anything further or otherwise respond to the order. Finally, on February 18, 2026, out of an abundance of caution, the magistrate judge issued a third proper form order directing Plaintiff to complete and submit these forms. (ECF No. 17). Again, the order was sent to the Seminole,

---

[1] Plaintiff is housed at the Lexington County Detention Center. The return address he initially used when mailing the complaint was "c/o Smart Communication, Lexington County Detention, P.O. Box 9108, Seminole, Florida 33775-9101." (ECF No. 7-1 at 1).

[2] The return address Plaintiff used for these documents was different than the address Plaintiff initially used when initiating this action: "Lexington County Detention Center, PO Box 2019, Lexington, SC 29071."

Florida address Plaintiff initially used when he filed the complaint, and it was not returned marked undeliverable.   Again, Plaintiff did not respond.

Based on the foregoing sequence of events, the magistrate judge issued the Report and Recommendation ("Report") that is presently before the court, finding that Plaintiff failed to comply with the court's orders to complete the documents necessary to bring the case into proper form and recommending the court dismiss this action for failure to prosecute. (ECF No. 21).   The Report, like the other orders, was sent to the Seminole, Florida address Plaintiff initially used when he filed the complaint. (ECF No. 22).   The Report included a notice advising Plaintiff of the right to file objections within fourteen days of the date of service of the Report. (ECF No. 21 at 4). This time, however, Plaintiff received and responded to the Report in a timely manner, filing objections (ECF No. 26) and submitting a change of address notice to the Lexington, S.C. address he used in responding to the first proper form order (ECF No. 25).   In his objections, Plaintiff claims he "never received the info that was sent to the jail on Jan 22 ref (ECF No. 14) or the third letter that was sent thereafter ref (ECF No. 17)."   (ECF No. 26 at 1).   Thus, Plaintiff implies that he was unable to comply with the second and third proper form orders issued by the magistrate judge.

The court recognizes the herculean efforts of the magistrate judge to ensure Plaintiff received notice of what is required to put his action in a form that can be reviewed by the court. Furthermore, in light of the fact that Plaintiff received and attempted to respond to the first proper form order and the Report, the court finds it curious that Plaintiff did not receive the second and third proper form orders which were sent to the same address as the first proper form order and the

Report and which were not returned as undeliverable. Nonetheless, the court is unable to conclude that Plaintiff has acted in a dilatory manner thus far. Plaintiff timely attempted to comply with the first proper form order. He claims he did not receive the magistrate judge's second or third orders advising him that his response was still deficient. Plaintiff stopped using the Seminole, Florida return address in his January 7 response to the first proper form order, (ECF No. 12), and submitted USM-285 forms directing that notice of service by sent to Plaintiff at Lexington County Detention Center, PO Box 2019, Lexington, SC 29071. It is not unreasonable to conclude that the second and third form orders simply never reached Plaintiff.

The court finds it is appropriate to afford Plaintiff a final opportunity to provide the documents and information needed to proceed with this action. **PLAINTIFF IS ADVISED HE MUST COMPLY WITH THE MAGISTRATE JUDGE'S THIRD PROPER FORM ORDER (ECF No. 17) BY 5:00 PM ON MONDAY, JUNE 1, 2026. PLAINTIFF'S RESPONSE TO THE MAGISTRATE JUDGE'S ORDER (ECF No. 17) MUST BE RECEIVED BY THE CLERK'S OFFICE BY 5:00 PM ON MONDAY, JUNE 1, 2026. NO ADDITIONAL DAYS WILL BE GRANTED FOR SUBMISSION BY MAIL. IF PLAINTIFF FAILS TO RESPOND BY THE TIME AND DATE INDICATED, THIS ACTION WILL BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDERS.**

**The Clerk of Court is directed to mail this order and a copy of the magistrate judge's proper form order (ECF No. 17) to Plaintiff at the address on file with the court per ECF No. 25. If Plaintiff submits a response to the magistrate judge's order (ECF No. 17) by 5:00 PM ON MONDAY, JUNE 1, 2026, the matter shall be recommitted to the magistrate judge for a**

4

**determination regarding whether Plaintiff has brought the action into proper form. If Plaintiff FAILS to submit any response by the forgoing deadline, the court shall enter an order dismissing this action for failure to comply with court orders.**

Accordingly, the court declines to adopt the Report. (ECF No. 21).[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
May 13, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] Plaintiff's objections were also docketed as a motion for reconsideration. (ECF No. 26). In light of the court's order, that motion is **DENIED** as MOOT.